**UNITED STATES of America ex rel. Guy GROSS, Petitioner,**

v.

**Harry E. RUSSELL, Superintendent, State Correctional Institution, Huntingdon, Pennsylvania, Respondent.**

**No. 757.**

United States District Court
M. D. Pennsylvania.

Sept. 14, 1966.

and (4) He had ineffective assistance of counsel at his sentencing.

Gross was sentenced on February 16, 1960, to serve consecutive sentences of one (1) to two (2) years on a larceny charge and two and one-half (2½) to five (5) years on a charge of prison breach. Gross was released on parole on December 7, 1963, but he committed another crime and was recommitted as a Convicted Parole Violator on February 1, 1965, his maximum sentence now expiring February 13, 1968. He is now complaining about the original sentences.

Gross filed a petition for a writ of habeas corpus on the same grounds in the Court of Common Pleas of Adams County, Pennsylvania, on which petition a hearing was held, after which the said Court dismissed the petition. Gross appealed to the Superior Court of Pennsylvania, on which appeal a non-pros was entered. The Commonwealth avers that Gross has not exhausted his state remedies because the non-pros was the result of his voluntary failure to pursue his appeal. However, petitioner explained that in making his appeal to the Superior Court he had requested a copy of the Notes of Testimony of his state hearing. These were denied him. He then requested an extension of time to file his brief because he wanted the Notes of Testimony to prepare his brief. This request was returned to Gross by the Prothonotary of the Superior Court with a letter stating that the Superior Court would not enter an order requiring transcription because he was not entitled to a free copy of the said Notes. Subsequently the non-pros was entered.

Although Gross appears to have been obstinate in his request for the Notes of Testimony, it does not appear that he deliberately by-passed the orderly procedure of the state courts. Under Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 849, 9 L.Ed.2d 837 (1963), it should be found that the petitioner "understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts". Clearly, it cannot be said there was a "considered

Guy Gross, pro se.

Gerald R. Walmer, Dist. Atty., Adams County, Gettysburg, Pa., for respondent.

## MEMORANDUM

FOLLMER, District Judge.

Guy Gross, a prisoner at the State Correctional Institution, Huntingdon, Pennsylvania, has filed a petition for a writ of habeas corpus, in forma pauperis, in this court. Gross claims he is being held in custody unlawfully on the following grounds: (1) He was held in isolation from his family and friends from the time of his arrest until his trial; (2) He was never informed of his right to counsel and was interrogated without counsel; (3) His guilty plea was coerced

choice" made by the petitioner such as to bar determination of the federal questions by the federal courts. There was no "deliberate circumvention of state procedures." Id. at 440, 83 S.Ct. 822.

In the instant case, Rule to Show Cause was granted, Answers were filed by the Respondent and the District Attorney of Adams County, Pennsylvania, and this Court has had the benefit of the records of the state criminal proceedings and the state habeas corpus proceedings. Also, a hearing was held at which time the petitioner and other witnesses were present and testified as to matters alleged in the petition for a writ of habeas corpus.

■ The merits of the petition will now be considered. The third ground that is alleged is that his guilty plea was coerced. The petitioner's own testimony almost completely refutes this. In the first place, he voluntarily turned himself over to the Maryland authorities who turned him over to the Pennsylvania authorities, admitting his guilt at that time to the charges of larceny of a motor vehicle and prison breach. (Transcript of Habeas Corpus Hearing, pp. 9–11.) Moreover, the petitioner testified that certain portions of his sworn petition were not true. For example, in his petition it is stated that the presiding judge asked an attorney to stand by him "to comply with the orders of the Federal Court." This was stated to be false. (Transcript of Habeas Corpus Hearing, pp. 32–33.) He had alleged in his petition as follows: "When I was told to sign a guilty plea or go back to the hole and wait several months for a jury trial, I signed a guilty plea." When petitioner was asked if he was told to sign a guilty plea he stated that the District Attorney told him "[I]f you are going to plead guilty you have to sign here."

(Transcript of Habeas Corpus Hearing, p. 37.) This is a far cry from being "told" to plead guilty. Moreover he testified that he was *not* told if he signed it that he would go back to the hole. Instead, he testified: "I was told that if I pled not guilty that I would have to wait several months or until the next Grand Jury sat". (Transcript of Habeas Corpus Hearing, p. 37.) The entire impact of this testimony and the record leaves this Court with the unpleasant feeling of having wasted valuable court time and expense on a wholly worthless allegation. The testimony of the Sheriff of Adams County was forthright and convincing and further convinces this Court that the petitioner's allegations are much more concoction than reality. The Sheriff testified that the petitioner did talk with his wife on several occasions and that petitioner did not ask to see certain relatives, or a preacher, (Transcript of Habeas Corpus Hearing, pp. 49–50) thus negating his claim that he was held incommunicado. This Court is left with the firm impression that there is nothing to the allegation that the guilty plea was coerced. The evidence shows there was no physical coercion (Transcript of Habeas Corpus Hearing, pp. 16, 47), and the allegation of mental coercion is as strong as a soap bubble blown into a concrete wall.

■ In light of this, the first two grounds alleged by the petitioner are without merit since the plea of guilty waives any objections to prior proceedings. The fourth ground will not be considered since petitioner emphatically declared that he had no wish to be resentenced after extensive questioning. (Transcript of Habeas Corpus Hearing, pp. 67–70).

Accordingly, the petition for a writ of habeas corpus will be denied.